240

DANIEL S. WENTWORTH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1936.*

BENJAMIN S. ADAMOWSKI, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein seeks to recover One Thousand Two Hundred ($1,200.00) Dollars automobile damage, Fifty ($50.00) Dollars for clothing damage and Twenty Five ($25.00) Dollars for loss of tools and equipment resulting from an automobile accident on June 14, 1931 on Route No. 4 between Bloomington and Funks Grove, Illinois.

A motion to dismiss by respondent was filed and taken with the case. A stipulation of facts has been entered into. From the stipulation it appears that the highway in question was of cement construction, built under State contract in 1923. At that time it was not the practice to construct expansion joints in the pavement, but since that time the necessity for providing for expansion joints has been generally recognized. The highway in question was at the time and is now under the control and jurisdiction of the State and is a part of the General Hard Road System of Illinois. On June 14, 1931 plaintiff was riding southwesterly over said road in a Chrysler 77 sedan then and there being driven by his son, Daniel S. Wentworth, Jr. It is stipulated that just northeast of Funk's Grove as claimant's car rounded a bend in the road, they were confronted without any warning with a blowup in the pavement, approximately two (2) feet high in the right lane of traffic along which claimant was proceeding; that because of the bulge and the downward slant toward the left side of the

road, plaintiff's automobile, after coming against the said ridge or elevation, was thrown or bounced over toward the left side of the road and into the path of an oncoming northbound automobile; that in order to avoid a head-on collision the driver of plaintiff's car attempted to hold claimant's automobile on his own side of the road but same was thrown into a ditch on the righthand side thereof, where it rolled over and was immediately destroyed by fire. It is further stipulated that representatives of the State of Illinois immediately took charge of the traffic and made emergency repairs of said highway and established and maintained warnings to automobile traffic, pending permanent repairs; further that claimant's automobile had been purchased new on August 31, 1929 and was in first-class mechanical condition at the time of the accident. It further appears from the record that the explosion or eruption in the pavement was in a seam of the highway and occurred within forty (40) feet in front of said automobile. Nothing appears in the record as to the rate of speed at which claimant's car was being driven or to what rate of speed his car should have been reduced from the time the pavement bulged, blew up, or exploded, forty (40) feet in front of claimant's car. Claimant contends that inasmuch as he has waived any claim for personal injuries, this court should, in equity and good conscience, compensate him for the actual property damages sustained.

In his Brief and Argument the Attorney General relies upon the rule which has been generally held to be applicable to claims based upon questions of highway construction, wherein it has been held, that "in the construction and maintenance of its roads, the State acts in a governmental capacity and in the exercise of such governmental functions it does not become liable in actions of tort by reason of the malfeasance, misfeasance or negligence of its officers or agents in the absence of a statute creating such liability." This rule is stated in *Bucholz, Admx.* vs. *State,* 7 C. C. R. 241, and *Chumbler, Admx.* vs. *State,* 6 C. C. R. 138. The Legislature of Illinois has not seen fit to pass any statute that would create such liability in the case at bar.

Counsel for claimant has submitted a comprehensive Brief and Argument, citing cases in which municipalities in Illinois, and other States have been held to respond to dam-

ages where the negligence of the officers thereof was either the approximate cause of the injury, or concurring with the Act of God became the approximate cause.

The basis for plaintiff's claim herein is that the pavement in question was constructed without expansion joints and that also the explosion that occurred on June 14, 1931 was one of many such that occurred under the heat of mid-summer suns; that the approximate cause of such explosion was the absence of expansion joints and that the action of nature and the excessive heat of mid-summer were not such Acts of God as would excuse the State from the result of such alleged negligent construction. Claimant concedes on page 11 of his Argument that in cases of a controversial nature where evidence of contributory negligence exists the State should refuse to award compensation to the claimant; but claimant further contends that in the instant claim no charge of contributory negligence exists and an award should therefore be made.

In a report from Fred Tarrant, Engineer of Maintenance, under date of September 27, 1932, he states that the pavement in question was in his opinion properly designed and of the same construction as thousands of miles of pavement in other parts of the State.

In a report under date of February 14, 1933 Mr. Tarrant states:

"At the time (1923) when this Route (No. 4) was built it was not the practice or the policy of the department to incorporate or construct expansion joins in the pavement * * * The department was making quite an extensive study of expansion joints and it finally became the practice to recognize the necessity for a provision for expansion joints * * * The construction of expansion joints does not by any means eliminate blow-ups but it does minimize them and tends to locate the probable point of the blow-up to one particular spot * * * In my opinion this defect in the concrete pavement is purely an Act of God and may be considered as one of the hazards which may occur to anyone using the highway system."

Claimant attaches to his Brief a copy of his Exhibit "B", being a statement by a special staff correspondent of one of the Chicago papers in which he says under date of July 20, 1931:

"Pavements exploding under the heat of mid-summer suns have become a menace to high speed automobile traffic * * * thousands of explosions of concrete and brick pavements throughout the State during the last month have kept maintenance crews of the State Highway Department working over-

time \* \* \* Most of the explosions reported are on concrete pavements. However, reports also have been received of brick pavements throughout the State erupting."

From an examination of the entire record we are brought to the conclusion that the use or non-use of expansion joints and the location thereof is a controversial matter; that in arriving at the present methods of hard-road construction, highway engineers have been compelled to test by actual experiment and use what form of construction will best withstand traffic and weather conditions, and we further conclude from the record that the use of expansion joints in hard-road construction does not eliminate pavement explosions in extremely hot weather, but minimizes and tends to localize such explosions to a probable point. It further appears from the record that such explosions occur in brick pavements, where a large amount of expansion area must necessarily be present.

The court therefore concludes that the record does not disclose such negligence in construction of the highway in question as would in any event justify an award in the case at bar. The court further reaffirms its previous holding that, "In the construction and maintenance of its roads the State acts in a governmental capacity and in the exercise of such governmental function it does not become liable in actions of tort by reason of the malfeasance, misfeasance or negligence of its officers or agents in the absence of a statute creating such liability." (*Bucholz, Admx.* vs. *State*, 7 C. C. R. 241, and *Chumbler, Admx.* vs. *State*, 6 C. C. R. 138.)

Respondent's motion to dismiss the complaint is allowed and the cause is hereby dismissed.